IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACXIOM CORPORATION, a Delaware corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) No. **00C 7299** |
| v. | )<br>) |
| ASA INSTITUTE OF BUSINESS, a New York corporation, | )<br>)<br>) |
| Defendant. | ) |

**JUDGE ZAGEL**

### COMPLAINT    MAGISTRATE JUDGE SCHENKIER

Acxiom Corporation ("Acxiom"), for its complaint against defendant ASA Institute of Business and Computer Technology, Inc. ("ASA"), states and alleges as follows:

### Nature of the Case

1. This action for breach of contract is brought to remedy ASA's failure to pay to Acxiom at least $390,821.98 for data processing services and related goods and services received by ASA from Acxiom pursuant to a written contract and accepted by ASA.

### The Parties

2. Plaintiff Acxiom is a Delaware corporation with its principal place of business in Little Rock, Arkansas.

3. Defendant ASA is a New York corporation with its principal place of business in Brooklyn, New York. Upon information and belief, ASA is in the business of providing technical and computer education and does business as or has done business as Advanced Software Analysis.

## Jurisdiction and Venue

4. This Court has Jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Acxiom and ASA and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Jurisdiction is proper in this state because the defendant has transacted business in this state, including the transaction out of which this cause of action arose.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to the claims occurred in this district and because the defendant is subject to personal jurisdiction in this district.

## Count I — Breach of Contract

6. On or about October 1, 1996, Defendant ASA entered into a written agreement with Faneuil Systems Corporation ("Faneuil"). A true and correct copy of the April 26, 1994 agreement is attached hereto as Exhibit A and is referred to hereinafter as the "Contract."

7. Faneuil was subsequently purchased by May and Spey, which was in turn purchased by Acxiom. Pursuant to the express terms of the Contract, the Contract is binding upon the parties, and their successors and assigns, such as Acxiom. (Exhibit A, Sec. 11.)

8. Pursuant to the terms of the Contract, Acxiom provided ASA with data processing services and related goods and services for the duration of the Contract, for which it invoiced ASA on a monthly basis, with payment being due 30 days from the date of invoice.

9. From the inception of the Contract in April of 1994 through May of 1998, ASA paid Acxiom for the computer equipment, software and service provided by Acxiom to ASA.

10. Subsequently, ASA breached the Contract by refusing to pay Acxiom for services and goods received from Acxiom and for which ASA was invoiced by Acxiom between May 1998 and March 2000. A true and correct copy of a statement sent to ASA, reflecting ASA's outstanding account balance and monthly invoice amounts, is attached hereto as Exhibit B.

11. On or about February, 2000, ASA ceased receiving services from Acxiom.

12. Acxiom has demanded payment for amounts due pursuant to the Contract; however, ASA has refused to pay.

13. ASA's refusal to pay Acxiom the sum of $390,821.98 constitutes a breach of contract.

14. As a direct result of ASA's breach, Acxiom has suffered damages.

15. Acxiom has performed all of its obligations under the Contract.

WHEREFORE, Acxiom Corporation respectfully requests that this Court award it an amount to be proven at trial, but not less than $390,821.98, pre- and post-judgment interest, and its costs of this suit and award such other and further relief that this Court deems just, equitable and appropriate.

### Count II—Quantum Merit/Unjust Enrichment

16. As an alternative to Count I, Plaintiff Acxiom asserts that it is entitled to recover for the value of services provided by it to ASA under the doctrines of quantum merit and unjust enrichment.

17. Acxiom realleges and incorporates by reference herein paragraphs 1-15 of Count I as though fully set forth herein.

18. Pursuant to ASA's request, Acxiom performed valuable data processing and computer services for ASA.

3

19. ASA accepted such valuable services and benefited greatly by such services rendered on its behalf.

20. Acxiom billed ASA for its services at the usual and customary rates charged for similar services in the business community.

21. ASA has been unjustly enriched by virtue of its receipt of such services without payment to Acxiom.

22. The value of the data processing and computer services provided by Acxiom and for which ASA has wrongly refused to pay is not less than $390,821.98 as supported in Exhibit B.

23. It is fair and appropriate for Acxiom to be paid for the value of the services provided and accepted by ASA.

WHEREFORE, pursuant to Count II and as an alternative to the relief sought in Count I, Acxiom Corporation respectfully requests that this Court award it an amount to be proven at trial, but no less than $390,821.98, pre- and post-judgment interest, its costs of this suit and award such other and further relief that this Court deems just, equitable and appropriate.

ACXIOM CORPORATION

By: _____
One of Its Attorneys

David C. Gustman
James M. Witz
FREEBORN & PETERS (#71182)
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000
*Attorneys for Acxiom Corporation*

Dated: November 16, 2000
357798

# EXHIBIT A



**FANEUIL SYSTEMS**
The Faneuil Group

## AGREEMENT FOR COMPUTER SERVICES

This Agreement, dated April 26, 1994 is between

FANEUIL SYSTEMS CORPORATION
815 Commerce Drive
Oak Brook, Illinois 65021
(708) 574-3636

and

ADVANCED SOFTWARE ANALYSIS
151 Lawrence Street
Brooklyn, NY 11201
(718) 522-9073

hereinafter referred to as FSC,

hereinafter referred to as CUSTOMER.

### 1. SERVICES

FSC agrees to provide to CUSTOMER for its use during the Term of the Agreement (herein defined), the computer equipment and software listed in the attached Hardware Exhibit 2 and Software Exhibit 3. FSC may modify this configuration from time to time.

### 2. CHARGES

See Exhibit 1.

### 3. TERM OF AGREEMENT

This Agreement shall commence on May 1, 1994 shall remain in effect for twelve (12) full months. After twelve (12) full months, this Agreement will automatically renew every twelve (12) months unless either party gives at least ninety (90) days written notice prior to the anniversary date of their intention to terminate this Agreement.

### 4. TERMS OF PAYMENT

Invoices are payable net thirty (30) days from date of invoice.

RUNDATE: 04/26/94

EXHIBIT 1

ADVANCED SOFTWARE ANALYSIS
151 LAWRENCE STREET
BROOKLYN, NY 11201

CONTACT: ALEX SCHEGOL
PHONE: (718) 522-9073
FAX:   (718) 834-0835

START DATE: 05/16/94    TERM OF AGREEMENT -    12 MONTHS

OPERATING SYSTEM: MVS/ESA        MIGRATION COST -  1,500 ONE TIME
TSO/ISPF, COBOL, CICS            BUNDLED COST   -  9,000 PER MONTH
DB2, VSAM

| ITEMS | | | | | | | INCLUDED QUANTITY | EXCESS RATE /MO | 100% USAGE | AMOUNT | 125% USAGE | AMOUNT | 150% USAGE | AMOUNT | 175% USAGE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. PROCESSING | | | CPU RATIO 1.00 | | | | | | | | | | | | | |
| | ---PRIME--- | | -NON-PRIME- | | | | | | | | | | | | | |
| | SECS | WT | SECS | WT | WTD SECS | CPU % | WTD SECS 5890 | | | | | | | | | |
| BATCH | 4,200 | 1.0 | 1,800 | 0.5 | 5,100 | 1.00 | 5,100 | | | | | | | | | |
| TSO | 3,600 | 1.5 | 1,800 | 0.5 | 6,300 | 1.00 | 6,300 | | | | | | | | | |
| CICS | 4,200 | 1.0 | 1,800 | 0.5 | 5,100 | 1.00 | 5,100 | | | | | | | | | |
| DB2 | 4,200 | 1.0 | 1,800 | 0.5 | 5,100 | 1.00 | 5,100 | | | | | | | | | |
| | 16,200 | | 7,200 | | 21,600 | | 21,600 | | | | | | | | | |
| | PERCENTAGE INCLUDED: 100 % | | | | | | | | | | | | | | | |
| | EXCESS USAGE  1 - 21,600 WTD SECONDS | | | | | | | .30 | | | | | | | | |
| | OVER 21,600 WTD SECONDS | | | | | | | .25 | | | | | | | | |
| 2. DASD - MODULES OF 1260 MB | | | | | | | 3 | 500.00 | | | 5,400 5,400 | 1,620 | 10,800 10,800 | 3,240 | 16,200 16,200 | 4,860 |
| 3. TAPE - CARTRIDGES OR REELS: | | | | | | | | | | | | | | | | |
| STORAGE - VOLUME DAYS | | | | | | | 3,000 | .01 | | | | | | | | |
| MOUNTS | | | | | | | 100 | .25 | | | | | | | | |
| PURCHASE - CARTRIDGES | | | | | | | 0 | 6.50 | | | | | | | | |
| RENTAL - VOLUME DAYS | | | | | | | 0 | .01 | | | | | | | | |
| 4. COMMUNICATIONS: | | | | | | | | | | | | | | | | |
| DEDICATED PORTS TO 19.2 KBPS | | | | | | | 1 | 125.00 | | | | | | | | |
| SHARED DIAL-UP ACCESS | | | | | | | 0 | 125.00 | | | | | | | | |
| VALUE ADDED NETWORK ACCESS | | | | | | | INCLUDED | 500.00 | | | | | | | | |
| VALUE ADDED NETWORK USAGE | | | | | | | INCLUDED | COST + 15% | | | | | | | | |
| DEDICATED 19.2 KBPS LINE FROM FSC TO ASA | | | | | | | 1 | COST + 15% | | | | | | | | |
| PAIR OF 19.2 MODEMS (W/ DIAL BACKUP FEATURE) | | | | | | | 1 | COST + 15% | | | | | | | | |
| 5. PRINT - LASER PER 1000 PAGES SIMPLEX | | | | | | | 0 | 35.00 | | | | | | | | |
| - LASER PER 1000 PAGES DUPLEX | | | | | | | 0 | 32.00 | | | | | | | | |
| - IMPACT PER 1000 LINES | | | | | | | 0 | .70 | | | | | | | | |

TOTAL EXCESS COST                    9,000    1,620    10,620    3,240   12,240   4,860   13,860
PLUS BASE COST                       9,000    9,000     9,000    9,000    9,000   9,000    9,000
TOTAL COST PER MONTH                           
TOTAL COST PER YEAR                108,000            127,440          146,880         166,320
RATIO                                 100%               118%             136%            154%

IN WITNESS WHEREOF, CUSTOMER AND FSC HAVE DULY EXECUTED THIS AGREEMENT ON THE DAY AND YEAR FIRST ABOVE WRITTEN.

**ACCEPTED FOR:**

FANEUIL SYSTEMS CORPORATION
815 Commerce Drive, Suite 100
Oak Brook, Illinois 60521
(708) 574-3636

Name: _____*(signature)*_____
Frank J. Burns

Title: _____President_____

Date: _____4-26-94_____

**ACCEPTED FOR:**

ADVANCED SOFTWARE ANALYSIS
151 Lawrence Street
Brooklyn, NY 11201
(718) 522-9073

Name: _____A. Shchegel_____
name

Title: _____Director_____

Date: _____5-10-94_____

4

transportation; or strikes or other labor difficulties, whether or not these difficulties involve the employees of FSC or the CUSTOMER.

## 9. LIMITATIONS OF LIABILITY

In the event of any errors or omissions on the part of FSC, whether human or mechanical, FSC, at CUSTOMER's option, will re-do the work performed at no extra cost to the CUSTOMER.

It is expressly understood and agreed to, however, that FSC will not be liable to the CUSTOMER, under this Agreement, for direct, indirect, special, incidental, or consequential damages, or for any loss or cost of a similar type due to errors or omissions, whether human or mechanical.

Also, it is expressly understood and agreed to that FSC will not be liable to any third party for any damages which said third party may incur, directly or indirectly as a result of any errors or omissions on the part of FSC, whether human or mechanical.

## 10. CONFIDENTIAL INFORMATION

FSC agrees to regard and preserve as confidential any and all information, material, documents and data related to the business activities of the CUSTOMER and its Clients. This includes, but is not limited to, customer lists of the CUSTOMER and its Clients that may be received by the FSC from the CUSTOMER as a result of this Agreement (Confidential Information). FSC will apply the same standard of care that it uses for its own Confidential Information. Such Confidential Information shall not include any information which is or becomes through no fault of FSC part of the public domain; which was known to FSC prior to disclosure as a result of this Agreement; or which was lawfully obtained by FSC from a third party outside of this Agreement. FSC agrees to hold such Confidential Information in trust and confidence for the CUSTOMER and the Clients and not to disclose such Confidential Information to any person, firm or enterprise, or use any such Confidential Information for its own benefit unless authorized by the CUSTOMER in writing, but shall use such Confidential Information solely in performance of its duties under this Agreement.

## 11. ASSIGNMENT

This Agreement shall bind the parties hereto, their successors, and their permitted assigns, and shall not be assigned by any party without prior written consent of the other party, whose consent will not be unreasonably withheld.

3

## 5. SERVICE AVAILABILITY

Services are available at all times, except:

Saturday ---- 8:00 PM to 7:00 AM Sunday Central Time

Adjustment to the weekend schedule must be approved by both parties by noon of the preceding Thursday.

## 6. NOTICE

All notices and other communications with respect to this Agreement and the transactions contemplated hereunder shall be given in writing. When directed to the CUSTOMER, it shall be addressed as follows:

>ADVANCED SOFTWARE ANALYSIS
>151 Lawrence Street
>Brooklyn, NY 11201
>Attention: Alex Schegol

When directed to FSC, it shall be addressed as follows:

>FANEUIL SYSTEMS CORPORATION
>815 Commerce Drive, Suite 100
>Oak Brook, Illinois 60521
>Attention: Frank J. Burns

## 7. GOVERNING LAW

This Agreement shall be construed and interpreted in accordance with, and governed by, the laws of the State of Illinois.

## 8. EXCUSES FOR PERFORMANCE

Neither FSC for CUSTOMER shall be liable for any delays or defaults in performance occasioned by events beyond their respective reasonable control, including, but not limited to, fires; floods; accidents; wars; civil commotion; government regulation; breakdown of machinery; shortage of, or the inability for any reason to obtain materials, fuel, labor, or

# Exhibit B



1501 Opus Place
Downers Grove, IL
60515-5727
630.964.1501
800.729.1501
www.acxiom.com

# STATEMENT

DATE
08/31/2000

ACCOUNT
ASA001

MR YAKOV RUDINOV
ASA INSTITUTE OF BUSINESS
AND COMPUTER TECHNOLOGY INC
151 LAWRENCE ST 2ND FLOOR
BROOKLYN, NY   11201

PAGE    1

| REFERENCE | DATE | TYPE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|---|---|
| 140075 | 06/10/1998 | Invoice | | 25430.70 | 16761.26 |
| 007695 | 11/23/1999 | Payment | Payment/Credit Memo Applied | -8669.44 | |
| 140080 | 07/10/1998 | Invoice | | 23585.00 | 23585.00 |
| 140087 | 08/10/1998 | Invoice | | 24348.01 | 24348.01 |
| 140093 | 09/10/1998 | Invoice | | 21584.45 | 21584.45 |
| 140099 | 10/08/1998 | Invoice | | 22578.11 | 22578.11 |
| 140105 | 11/06/1998 | Invoice | | 17365.54 | 17365.54 |
| 140111 | 12/09/1998 | Invoice | | 21135.02 | 21135.02 |
| 140118 | 01/15/1999 | Invoice | | 14711.42 | 14711.42 |
| 140128 | 02/12/1999 | Invoice | | 22057.15 | 22057.15 |
| 140256 | 03/11/1999 | Invoice | | 54313.74 | 54313.74 |
| 140138 | 04/26/1999 | Invoice | | 16342.99 | 16342.99 |
| 140178 | 05/12/1999 | Invoice | | 22404.09 | 22404.09 |
| 140218 | 06/14/1999 | Invoice | | 19388.05 | 19388.05 |
| 1111C | 07/01/1999 | Credit Memo | TRANSITION | -1.00 | -1.00 |
| 50802 | 07/19/1999 | Invoice | | 12383.97 | 12383.97 |
| 50984 | 08/11/1999 | Invoice | | 10739.23 | 10739.23 |
| 51312 | 09/15/1999 | Invoice | | 10500.29 | 10500.29 |
| 51629 | 10/13/1999 | Invoice | | 10908.67 | 10908.67 |
| 51861 | 11/11/1999 | Invoice | | 10097.06 | 10097.06 |
| 52182 | 12/10/1999 | Invoice | | 10096.95 | 10096.95 |
| 52474 | 01/14/2000 | Invoice | | 10097.06 | 10097.06 |
| 52739 | 02/11/2000 | Invoice | | 9328.37 | 9328.37 |
| 53010 | 03/14/2000 | Invoice | | 10096.55 | 10096.55 |

Any questions, please contact Judy Williams in Accounts Receivable at (630) 971-4986

| Current | 1 to 30 | 31 to 60 | 61 to 90 | AMOUNT DUE | 390821.98 |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | Over 90 | 390821.98 |

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

ACXIOM CORPORATION, a Delaware corporation

## DEFENDANTS

ASA INSTITUTE OF BUSINESS, a New York corporation

**00C 7299**

JUDGE ZAGEL

MAGISTRATE JUDGE SCHENKIER

NOV 20 2000

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Freeborn & Peters
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.

Breach of contract under 28 U.S.C. Section 1332

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 130 Miller Act | | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 390,821.98

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 11/16/00

SIGNATURE OF ATTORNEY OF RECORD
James M. Witz

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of
ACXIOM CORPORATION, Plaintiff,
v.
ASA INSTITUTE OF BUSINESS, Defendant.

Case Number: 00C 7299
JUDGE ZAGEL
MAGISTRATE JUDGE SCHENKIER

DOCKETED NOV 2 0 2000

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:
Plaintiff, ACXIOM CORPORATION

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: David C. Gustman | NAME: James M. Witz |
| FIRM: Freeborn & Peters | FIRM: Freeborn & Peters |
| STREET ADDRESS: 311 South Wacker Drive, Suite 4200 | STREET ADDRESS: 311 South Wacker Drive, Suite 4200 |
| CITY/STATE/ZIP: Chicago, IL 60606 | CITY/STATE/ZIP: Chicago, IL 60606 |
| TELEPHONE NUMBER: (312) 360-6000 | TELEPHONE NUMBER: (312) 360-6000 |
| IDENTIFICATION NUMBER: 3124377 | IDENTIFICATION NUMBER: 6210443 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [X] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE